FILED

Jun 12 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     s/ mariar     DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL GUZMAN,<br><br>　　　　　　　　　　　Defendant. | Case No.:  19cr4773-BAS<br><br>**ORDER GRANTING CONTESTED MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

On June 10, 2020, Defendant Daniel Guzman (hereinafter "Defendant") filed a Motion for Personal Appearance Bond [ECF No. 34] and on June 11, 2020, the United States (hereinafter "the Government") filed an opposition to the motion [ECF No. 35.]

<u>Background</u>

On February 26, 2020, the Government made a motion to detain Defendant based on risk of flight [ECF No. 23.]  At a hearing on March 3, 2020, Defendant stipulated to detention without prejudice [ECF No. 31.]  Defendant now seeks reconsideration of the Court's Order of Detention and requests that the Court set release conditions of a $40,000 personal appearance bond secured by one financially

responsible and related adult and accompanied by the condition Defendant wear a GPS-enabled ankle monitor.

### Defendant's Position

Defendant indicates that he is 26 years old and is a lifelong resident of San Diego County with strong family ties to the community.  Prior to incarceration in this matter, he was residing with his girlfriend and their three-year-old son.  His proposed surety would be his cousin who has no prior criminal record and is financially secure.

### Government's Position

The Government maintains that Defendant is a serious flight risk.  The Government indicates that bond is inappropriate because Defendant offers no evidence, much less a preponderance of the evidence, that he is not likely to flee. The Government asserts that the § 3142(g) factors do not support release on bond conditions.  The Government further argues that Defendant's prior record is significant, he has a substance abuse history, he was involved with previous criminal activity while under court supervision, and that he has numerous violations of probation with failures to appear.

### Pretrial Service Officer's Position

Input from the Pretrial Services Officer at the initial appearance indicates that Pretrial Services recommended detention.

### Analysis

18 U.S.C. § 3142(f) provides that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

With respect to reconsidering the Court's Order of Detention, the Court disagrees with the Government that Defendant has failed to present any new information to support an order of pretrial release. The Court's Order of Detention was entered without prejudice based on the limited information available on the date of Defendant's initial appearance. It is no surprise that since then, Defendant's counsel has been able to obtain additional information regarding potential sureties and Defendant's access to stable housing.

In this case, Defendant proffers the following "new evidence" to challenge the Court's factual findings in the initial Order of Detention: Prior to incarceration, Defendant was living with his girlfriend and their three-year-old son.  He was raised by his grandmother who now suffers from dementia.  Despite prior law enforcement contact, Defendant has always lived in San Diego County as his entire financial and family support system is in this community.

The Court finds that based on this new information, conditions of release can be set that will reasonably assure Defendant's appearance as required. The Court will enter a separate Pretrial Release Order setting forth the specific conditions of release.

As such, the Court **GRANTS** Defendant's request for reconsideration of its Order of Detention.

**IT IS SO ORDERED.**

Dated:  June 12, 2020

MICHAEL S. BERG
U.S. Magistrate Judge